UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00483-FDW-DCK

| RIDGLEY PHILLIPS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| EXTRA SPACE MANAGEMENT, INC., | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Plaintiff's Motion to Remand to State Court. (Doc. No. 5). Plaintiff, through counsel, seeks to remand this action to the Superior Court of Mecklenburg County and to recover attorney's fees for an untimely and improper removal pursuant to 28 U.S.C. § 1447(c). For the following reasons, Plaintiff's Motion to Remand (Doc. No. 5) is GRANTED and the case is REMANDED to the Superior Court of Mecklenburg County.

## I. BACKGROUND

For purposes of this Order, the Court refers to facts alleged in the parties' pleadings in state court while refraining from ruling on their merits. Around March 28, 2017, Plaintiff entered into an agreement with Defendant to lease storage units (the "Units") at Defendant's Storage Facility (the "Facility"). (Doc. No. 2-1, p. 3). Prior to executing the lease agreement, Plaintiff discussed Defendant's security arrangements with Defendant's Facility Store Manager, Ms. Lennon, and was told there were monitored security cameras that covered the doors to the Units. (Doc. No. 2-1, p. 3). On June 22 and 24, 2018, an unknown person entered the Facility and stole from multiple storage units, including Plaintiff's. (Doc. No. 2-1, p. 4). Following the theft, Ms. Lennon told

1

Plaintiff that the security cameras were not monitored. (Doc. No. 2-1, p. 5).

Plaintiff initially filed a lawsuit in state court on February 14, 2019. (Doc. 2-1, p. 1). Plaintiff included a police report listing stolen goods with an alleged value of $389,223 with her complaint. (Doc. No. 2-1, p. 15-18). Plaintiff further provided Defendant an inventory of alleged damages on August 9, 2019 via e-mail with a damages total of $504,516.50. (Doc. No. 6-3, p. 7-24). At Plaintiff's Deposition on September 5, 2019, Plaintiff stated her requested damages in response to Defendant's questioning. (Doc. No. 9, p. 3). Defendant removed the case to this Court on September 25, 2019. (Doc. No. 2, p. 3). Plaintiff filed the instant motion to remand on October 18, 2019. (Doc. No. 5, p. 1).

## II. STANDARD OF REVIEW

To remove a case to federal court, a defendant must file a notice of removal within 30 days of receiving a pleading, motion, or other paper from which they can ascertain that the case is removable. 28 U.S.C. § 1446. Removal in this case is based on diversity jurisdiction. 28 U.S.C. § 1442. Diversity jurisdiction requires: (1) no plaintiff is a citizen of the same state as any defendant, and (2) an amount in controversy of over $75,000. Dixon v. Cogburg Dairy, Inc., 369 F. 3d 811, 816 (4th Cir. 2004).

To calculate an amount in controversy, punitive damages may be included, Bell v. Preferred Life Assur. Soc. of Montgomery Ala., 320 US 238, 240 (1943), but not interest and attorneys' fees. First Nat. Bank v. Louisiana Highway Commission, 264 U.S. 308, 310 (1924) ("It must appear on the face of the complaint or otherwise from the proofs that the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000.") (citing Pinel v. Pinel, 240 U.S. 594, 597 (1916)). Further, "the key inquiry in determining whether the amount-in-

controversy requirement is met is not whether the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'" Scott v. Cricket Communications, LLC, 865 F.3d 187, 196 (4th Cir. 2017) (quoting McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008)).

A claim that a plaintiff has incurred damages of "over $25,000" is not enough to make it "unequivocally clear and certain" that an amount in controversy is over $75,000. Franks v. SSC Brevard Operating Co., LLC, No 1:19-cv-00041, 2019 WL 3797422 (W.D.N.C., August 12, 2019). Nor can a plaintiff add two claims of damage exceeding $25,000 to meet the requirements either. Perkins v. Ocwen Loan Servicing, LLC, No. 1:15-cv-836, 2016 WL 4382698 (The court will not "require a defendant to read the complaint and guess the amount of damages that the plaintiff seeks.").

When deciding when Defendant was notified of the amount in controversy, the Court first examines the initial pleadings and then the documents and other papers exchanged in the case by the parties. Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997). Other papers or documents need not be part of the state court record and are interpreted broadly to include "any information received by the defendant, whether communicated in a formal or informal manner." Northrop Grumman Technical Services Inc. v. DynCorp International LLC, 865 F.3d 181, 186–87 (4th Cir. 2017) (quoting Yarnevic v. Brink's, Inc., 102 F.3d 753, 755 (4th Cir. 1996)). However, the document or other paper is required to be "unequivocally clear and certain." U.S. Airways, Inc. v. PMA Capital Ins. Co., 340 F. Supp. 2d 699, 703–04 (E.D.Va. 2004).

The party seeking removal has the burden of proving removal is justified. Mulcahey v. Colombia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). Removal is construed strictly

3

due to its "significant federalism concerns," and when there is doubt concerning removal, a case should be remanded to state court. Dixon, 369 F.3d at 816.

## ANALYSIS

a) **Remand**

The parties do not dispute that this claim has both diversity of citizenship and an amount in controversy over $75,000. The parties' dispute is over when Defendant should have become aware of the case's amount in controversy, starting the thirty-day deadline to file for removal. Defendant argues that it first became aware that the amount in controversy was over $75,000 after Plaintiff's deposition on September 5, 2019. (Doc. No. 9, p. 3). Plaintiff contends that Defendant should have known at any one of several times prior to that: On November 30, 2018 when Plaintiff sent a pre-complaint demand letter alleging more than $500,000 in damages; on February 15, 2019 when Plaintiff filed her complaint requesting an amount over $25,000 and treble damages, and supplied a police report estimating the damages at almost $390,000; on August 9, 2019 when Plaintiff sent Defendant an itemized list of losses via email; or on August 20, 2019 when Plaintiff demanded $500,000 at mediation. (Doc. No. 6, p 1-2).

Both Plaintiff's original complaint from February 15, 2019 and the email sent on August 9, 2019 are sufficient to put Defendant on notice of the amount in controversy. Plaintiff's Complaint specifies that Plaintiff is seeking damages "in excess of $25,000.00, together with treble damages, attorneys' fees, and interest." (Doc. No. 2-1, p. 10). This is, at minimum, $75,000.03 ($25,000.01 tripled), an amount greater than $75,000. In Perkins, the case cited by Defendant to show why Plaintiff's complaint could not have begun the timeline, the total damages were an amount over $50,000. The plaintiff could have won their case and recovered more or less than the

$75,000. If Plaintiff is successful in this action, according to the pleadings Plaintiff would receive at minimum $75,000.03. Plaintiff also included a police report listing all of the items Plaintiff believed to have been stolen, with a total value of just under $390,000. As the court stated in Scott, the amount in controversy is not the amount that Plaintiff will win, but the amount that will be at issue. Scott, 865 F.3d at 196. By attaching the police report, Plaintiff put Defendant on notice that those amounts and items will be at issue in the trial.

In the alternative, Defendant also received notice of the potential amount in controversy through Plaintiff's email sent on August 9, 2019. (Doc. No. 6-3, p. 16-24). This email was sent in response to Defendant's request for a "[d]etailed list of items stolen from the storage units." (Doc. No. 6-3, p. 34). In other words, Defendant was requesting a list of the items and values that will be at issue in the trial. The itemized list provided by Plaintiff not only includes the estimated value of each item, but also had a total at the bottom, showing the items in question were valued at $504,516.50, an amount easily exceeding $75,000.

Defendant was notified of the amount in question in this case on either February 15, 2019 or August 9, 2019. The deadline for removal was therefore on either March 17, 2019 or September 8, 2019. Both dates are prior to Defendant filing his motion for removal on September 25, 2019. As Defendant did not file a motion for removal within the 30 days required by 28 U.S.C. §1446, the motion was untimely, and this case must be remanded back to the Superior Court of Mecklenburg County.

    **b) Attorney's Fees**

The "American Rule" does not allow a court to award attorneys' fees absent authorization from Congress. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975). Such

congressional authorization is found in the statute addressing procedures after removal, 28 U.S.C. § 1447(c).[1] It allows courts, in their discretion, to award a remanding party attorneys fees "where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). A party does not need to act in bad faith to justify fee shifting, it is enough to seek removal where "a 'cursory examination ... would have revealed' a lack of federal jurisdiction." In re Lowe, 102 F.3d 731, 733 n. 2 (4th Cir. 1996). Reimbursement can be appropriate for cases of "untimely removal, removal based on an erroneous legal argument, repetitive removals, and removal which greatly increases the cost and/or complexity of the case." McPhatter v. Sweizer, 401 F. Supp. 2d 468, 479 (M.D.N.C. 2005) (citing Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 n. 6 (9th Cir. 2000)).

The Court agrees in this case that Defendant likely could have noticed the potential for federal jurisdiction with a cursory examination of Plaintiff's complaint. Defendant also likely should have noticed the potential federal jurisdiction based on the itemized list of stolen items. This is a case of untimely removal, and the Court emphasizes that an award of costs in litigating this removal is a close call given that Defendant may be attempting to use removal to extend discovery after being denied an extension by the state court. Discovery in this case was originally set to end on August 29, 2019. (Doc. 6-2, p. 33). Defendant filed a motion to extend discovery on August 14, 2019, (Doc. No. 6-2, p. 35), which was denied on August 20, 2019. (Doc. No. 6-2, p. 39). Defendant did not serve Plaintiff a notice of Deposition until August 27, 2019, with a deposition date of September 5, 2019. (Doc. 6-2, p. 41). After Defendant had their motion to extend discovery dismissed, but prior to motioning to remove to federal court, Defendant's attorney

---

[1] "Any order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c).

informed Plaintiff's attorney via email on September 16, 2019, that Defendant "intend[s] to file a Motion to Continue" because they "require yet additional discovery." (Doc. No. 6-3, p. 43). Although Defendant filed an untimely motion to remove and a responsible review of Plaintiff's claims should have revealed the diversity jurisdiction when Plaintiff first served Defendant with her complaint, as well as Defendant's apparent attempts to use removal to circumvent the state court's denial of additional discovery, the Court exercises its discretion to deny Plaintiff's request to recover just costs and attorney's fees from Defendant in this matter.

### III. CONCLUSION

For the above stated reasons, Plaintiff's Motion to Remand (Doc. No. 5) is GRANTED and the case is REMANDED to the Superior Court of Mecklenburg County. The Clerk of Court is respectfully directed to close this case.

IT IS SO ORDERED.

Signed: February 4, 2020

Frank D. Whitney
Chief United States District Judge